UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM GRACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16CV64 SPM |
| | ) |
| DR. BONNE BRENNEN, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff, an inmate at the Northeast Correctional Center, seeks leave to proceed in forma pauperis in this civil action filed under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.50, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will require plaintiff to submit an amended complaint.

### **Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

**The Complaint**

Plaintiff alleges that he suffers from AIDS and has become underweight, and that he suffers from asthma, severe pain, heel spurs, and bunions. He alleges that defendants, employees of Corizon Medical Services, have exhibited deliberate indifference to his serious medical needs by denying him medication, adequate nutrition, and proper footwear. The complaint does not specify the remedy plaintiff seeks.

**Discussion**

Plaintiff brings this action against Dr. Bonne Brennen in her individual and official capacity, and against Tamara Anderson and Maureen Banocy in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, the Court interprets it as alleging only official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). To state a claim against a Corizon employee in his or her official capacity, a plaintiff must allege that a policy or custom of the employer is responsible for the alleged constitutional violation. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975–76 (8th Cir.1993) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). The instant complaint contains no allegations that a policy or custom of Corizon was responsible for the alleged violation of plaintiff's constitutional rights.

2

As a result, it is legally frivolous and fails to state a claim upon which relief can be granted as to all defendants in their official capacities.

In his complaint, plaintiff names as a defendant a nurse named Pamela whose last name is unknown. However, the complaint fails to allege that this nurse was directly responsible for the alleged deprivation of plaintiff's rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Because there are no allegations that nurse Pamela, through her own actions, was directly involved in the deprivation of plaintiff's rights, the complaint fails to state a claim against her.

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. **Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint**. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint that are not included in the amended complaint will be considered abandoned**. *Id.* **Plaintiff must allege how each and every defendant is directly responsible for the alleged harm. In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint**. **If plaintiff fails to sue any defendant in his or her individual capacity, plaintiff's cause of action against that defendant may be subject to dismissal**.

The amended complaint should not be overly wordy or repetitive. It need only contain a short and plain statement of the facts that plaintiff believes entitle him to relief. Fed. R. Civ. P. 8.

In other words, the amended complaint should be limited to the "who, what, when, and where" of the facts. Plaintiff must also specify, in the amended complaint, a demand for the relief he seeks. *Id.* Plaintiff must state his claims in numbered paragraphs. Fed. R. Civ. P. 10. Finally, plaintiff must use the Court-provided form, not a handwritten reproduction thereof. E.D.Mo. Local Rule 2.06(A).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must submit an amended complaint within thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 25th day of October, 2016.

*[signature]*

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE