# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| WILLIAM GRACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:16-cv-64-SPM |
| ) | |
| DR. BONNE BRENNEN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Plaintiff commenced this civil action on September 12, 2016, alleging that defendants denied him medical care and adequate nutrition. Upon review, the Court noted that while the nature of plaintiff's claims appeared quite serious, the complaint failed to state a claim upon which relief could be granted, and permitted plaintiff to file an amended complaint. On November 18, 2016, plaintiff filed an amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915(e).

## 28 U.S.C. § 1915(e)

The Court shall dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the

complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

Pro se pleadings are liberally construed, and are held to a less stringent standard when considering a dismissal of the case for failure to state a claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n. 3 (8th Cir. 1984). Even so, a pro se complaint must contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981).

In the amended complaint, plaintiff names defendants Bonne Brennen, Tamara Anderson, Maureen Banocy, and Pamela Unknown. Plaintiff specifies that he is suing them in their official capacities only. For his claims for relief, plaintiff asks the Court for a monetary award of $100,000.00, an order directing defendants to provide him with an asthma pump, an additional $20,000.00, and to "compensate him for his injuries." (Docket No. 7 at 6-7).

The amended complaint is subject to dismissal because it fails to state a claim upon which relief can be granted and is legally frivolous. For his claim against defendant Brennen, plaintiff alleges that she "is being sued because each government-official defendant, through the official's own individual actions, violated the Constitution because of they [*sic*] custom, the

2

employer is responsible for the alleged Constitutional violations, of denying plaintiff his ensures, pain medication, asthma pumps and medical footwear." (Docket No. 7 at 5). For his claim against defendant Anderson, plaintiff alleges that she "is being sued because this defendant had notice that plaintiff was being denied adequate medical care and treatment and failed to do anything. Each government official defendant, through the official own individual action violated the Constitution because of they [*sic*] custom." (*Id.*) For his claim against defendant Banocy, plaintiff alleges that "this defendant is sued because each government-official defendant, through the officials own individual actions violated the Constitution because of the custom they have at Northeast Correctional Center. The employer is responsible for the alleged constitutional violations of denying plaintiff of pain medication (Neurontin) asthma pumps." (*Id.* at 6). Finally, for his claim against the unknown defendant, plaintiff alleges that "this defendant is sued because each government-official defendant, through the officials own individual actions violated the Constitution because of the custom they have at Northeast Correctional Center. This defendant deliberately denied or withheld plaintiff's HIV and ensures once the doctor renewed plaintiff's medications and ensures." *(Id.)*

While civil rights pleadings are liberally construed and held to less stringent standards than pleadings drafted by an attorney, *see Haines*, 404 U.S. at 520, "[s]uch pleadings must nonetheless not be conclusory and must set forth a claim in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Nickens v. White*, 536 F.2d 802, 803 (8th Cir. 1976). In the instant case, the amended complaint contains nothing more than conclusory allegations. It is completely devoid of facts in support of the allegations, even though plaintiff was given an opportunity to file an amended complaint to correct the deficiency. *See McClain v. Kitchen*, 659 F.2d 870, 872 (8th Cir. 1981). To state a claim under § 1983, a plaintiff must

allege that the defendant acted under color of state law, and the defendant's alleged conduct deprived the plaintiff of a constitutionally-protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). Liability only arises upon a showing of personal participation by defendant. *Jeffers v. Gomez*, 267 F.3d 895, 915 (8th Cir. 2001). To state a claim under § 1983, a plaintiff must allege facts supporting each individual defendant's personal involvement or responsibility for the allegedly unconstitutional action. *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (a claim is not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured him). The amended complaint will therefore be dismissed because it fails to state a claim upon which relief can be granted and is legally frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

In addition, plaintiff fails to state a claim against any of the defendants in their official capacities. To state a claim against a Corizon employee in her official capacity, a plaintiff must allege that a policy or custom of the employer is responsible for the alleged constitutional violation. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993) (*citing Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978)). While the amended complaint contains the word "custom," it fails to allege with any specificity that a policy or custom of Corizon was responsible for the alleged constitutional violations, even though plaintiff was given leave to file an amended complaint to correct such deficiency. Instead, plaintiff refers to a custom of Northeast Correctional Center, and he also alleges that each defendant violated his Constitutional rights "because of they [*sic*] custom." (Docket No. 7

at 5, 6). The amended complaint therefore fails to state a claim against any of the defendants in their official capacities.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the amended complaint, and all of plaintiff's causes of action against all of the defendants, are **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith. *See* 28 U.S.C. § 1915(3).

Dated this 6th day of December, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE